# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTONIO L. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 11-988-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

———————————————

Antonio L. Taylor. *Pro se* petitioner.

Gregory E. Smith. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

———————————————

# MEMORANDUM OPINION

March 28, 2013
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") (D.I. 3) filed by petitioner Antonio L. Taylor ("Taylor"), and the State's motion to dismiss the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244. (D.I. 13) For the reasons that follow, the court will grant the State's motion to dismiss petitioner's petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 29, 1994, Taylor was arrested for menacing his girlfriend, Toni A. Young. *Taylor v. State*, 685 A.2d 349 (Del. 1996). Upon his release on $500 bond and the condition that he would have no contact with Young, Taylor returned to Young's apartment, where he had been living prior to his arrest. Young was staying next door with her aunt, Carolyn McCray. Taylor went to McCray's apartment and pleaded with McCray to let him speak with Young. McCray refused, telling Taylor that Young did not want to talk to him. By cutting his way through drywall, Taylor broke into Young's apartment, the locks of which Young had changed that day. *Id.*

The next morning, on April 30, 1994, McCray called the Delaware State Police to search Young's apartment for Taylor. *Id.* Police did not find Taylor, who was hiding under Young's bed. As the police left, Young entered her apartment to get fresh clothes for herself and her baby, of whom Taylor was the father. Taylor chased Young out of the apartment, and he stabbed her. Four officers of the Delaware State Police witnessed Taylor stabbing Young. That afternoon, Young died as a result of the wounds. As Taylor knew, Young was pregnant with Taylor's child. *Id.*

In May 1995, a Delaware Superior Court jury convicted Taylor of: first degree murder (intentional murder); first degree murder (felony murder); second degree burglary; three counts of possession of a deadly weapon during the commission of a felony; and non-compliance with conditions of bond. (D.I. 13) At the conclusion of a three day penalty hearing, the jury unanimously found the existence of a statutory aggravating factor, and then split its recommendation for a sentence of life or death by a vote of 6 to 6. On June 2, 1995, the Superior Court sentenced Taylor to two terms of natural life without the benefit of parole, plus a total of thirty-three years. Taylor appealed, and the Delaware Supreme Court affirmed Taylor's convictions and sentences. *Taylor*, 685 A.2d at 351.

Taylor filed his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on May 27, 1998. A Superior Court Commissioner recommended the dismissal of the Rule 61 motion. The Superior Court adopted that Recommendation and denied the Rule 61 motion on April 28, 1999. *State v. Taylor*, 1999 WL 462377 (Del. Super. Ct. Apr. 28, 1999). The Delaware Supreme Court affirmed that judgment on February 23, 2000. *Taylor v. State*, 2000 WL 313501 (Del. Feb. 23, 2000).

Taylor filed his second Rule 61 motion in October 2009, alleging that he is "actually innocent" of felony murder under the Delaware Supreme Court's "reinterpretation" of the felony murder statute in *Williams v. State*, 818 A.2d 906 (Del. 2002), which was made retroactively applicable to cases on collateral review in *Chao v. State*, 931 A.2d 1000 (Del. 2007) ("*Chao II*"). The Superior Court denied the Rule 61 motion as time barred under Rule 61(i)(1) and procedurally barred under Rule 61(i)(2) and (3). *State v. Taylor*, RK 94-06-0047-02 through

2

RK94-06-0052-02 (Del. Super. Ct. Mar. 25, 2011). The Delaware Supreme Court affirmed that judgment. *Taylor v. State*, 27 A.3d 552 (Table), 2011 WL 3590909 (Del. Aug. 16, 2011).

Taylor filed the instant habeas petition in October 2011, alleging that he is "actually innocent" of felony murder under the Delaware Supreme Court's "reinterpretation" of the felony murder statute in *Williams* and *Chao II.*

## II.   DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Taylor's petition, filed in October, 2011, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Taylor does not allege, and the court

does not discern, any facts triggering the application of § 2244(d)(1)(B). However, by alleging that *Williams* and *Chao II* announced a new rule of law redefining Delaware's definition for felony murder, Taylor does appear to allege that § 2244(d)(1)(C) applies to his case, and that the limitations period should begin to run from June 20, 2007 – the date of the Delaware Supreme Court's decision in *Chao II*. This argument, however, is unavailing, because the *Chao II/ Williams* rule was announced by the Delaware Supreme Court with respect to state law, not a newly recognized federal constitutional right made retroactively applicable on collateral review by the United States Supreme Court.

Moreover, to the extent Taylor's argument is that *Chao II* provides the "factual predicate" for his habeas claims because it made the *Williams* holding retroactively applicable, thereby providing a later starting date of June 20, 2007 under § 2244(d)(1)(D), the contention is similarly unavailing. *Chao II* and *Williams* cannot establish a factual predicate for Taylor's constitutional claims, because they were not decisions rendered in Taylor's own litigation history and they did not directly eliminate his legal status as a convict. *See Johnson v. United States,* 544 U.S. 295 (2005)(holding that a notice of order vacating a federal prisoner's prior state conviction used to enhance federal sentence triggers AEDPA's one year limitations period, provided petitioner has shown due diligence in seeking the order); *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005)(explaining that a state court decision clarifying or re-defining state law does not trigger § 2244(d)(1)(D) unless the petitioner was party to that case.). Thus, the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state

4

appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Taylor's convictions and sentences on October 21, 1996, and he did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, Taylor's convictions became final for the purposes of § 2244(d)(1)(A) on January 20, 1997. Accordingly, to comply with the one-year limitations period, Taylor had to file his § 2254 petition by January 20, 1998. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Taylor did not file his habeas petition until October 13, 2011,[2] almost thirteen full years after the expiration of AEDPA's statute of limitations. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). In this case, Taylor filed his first Rule 61 motion on May 27, 1998, approximately four months after the limitations period had already expired. He filed his second Rule 61 motion in October 2009,

---

[2]Pursuant to the prisoner mailbox rule, the court adopts the mailing date provided by Taylor (October 13, 2011) as the filing date. (D.I. 3 at 103); *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

more than eleven years after the expiration of the limitations period. Thus, neither of Taylor's Rule 61 motions statutorily toll the limitations period. Accordingly, the petition must be dismissed as time-barred, unless equitable tolling is available.

### C. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

(1) where the defendant (or the court) actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159*; Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Here, Taylor alleges that the limitations period should be equitably tolled because he is actually innocent of felony murder under the new definition of felony murder announced *Williams*, and made retroactively applicable in *Chao II*. Taylor's equitable tolling argument appears to be two-fold. First, Taylor appears to be asserting that his free-standing claim of actual innocence should *per se* act to equitably toll the limitations period. (D.I. 16) Second, Taylor appears to assert that the limitations period should be equitably tolled through June 20, 2007, the

6

date on which the Delaware Supreme Court issued its decision in *Chao II*. The court is not persuaded by either argument.

To begin, whether or not a freestanding actual innocence claim is cognizable on federal habeas review remains an open question in Supreme Court jurisprudence. *See House v. Bell*, 126 S.Ct. 2064, 2087 (2006). As a general rule, a claim of actual innocence, if proven by new reliable evidence, permits a court to review the merits of an otherwise defaulted claim; in other words, an actual innocence claim is a **gateway** for excusing procedurally defaulted claims. *Id.* Here, Taylor was charged with and convicted of felony murder for causing the death of his girlfriend "during immediate flight" from the predicate felony of second degree burglary. He now contends that his conviction should be vacated under *Williams* and *Chao II* because he was not convicted of felony murder for causing the death of his girlfriend "in furtherance of" the immediate flight from the commission of the predicate felony of second degree burglary. Neither *Chao II* nor *Williams* directly addressed the "immediate flight therefrom" language in the felony murder statute and, contrary to Taylor's assertion, neither redefined "felony murder" to mean that a person cannot be guilty of felony murder when the murder occurs during the "immediate flight" from the predicate felony. Consequently, Taylor's reliance on *Williams* and *Chao II* does not constitute "new reliable evidence" of his actual innocence. Having failed to present a viable claim of actual innocence, Taylor's actual innocence claim does not constitute an extraordinary circumstance for equitable tolling purposes. *See Teagle v. DiGuglielmo*, 2009 WL 1941983, at *1 (3d Cir. Jun. 11, 2009).

Second, even if the court were to hypothetically accept Taylor's argument that the limitations period should be equitably tolled through June 20, 2007 -- the date on which the Delaware Supreme Court issued its decision in *Chao II* -- this tolling would not render the

7

instant petition timely filed. Taylor did not raise the instant *Chao II/Williams* argument to the Delaware state courts until October 2009, which was seven years after *Williams*, and approximately two years after *Chao II*. Similarly, he waited more than nine years after *Williams*, and more than three years after *Chao II*, to raise the instant claim in this court. Simply stated, Taylor has not demonstrated that he exercised the level of diligence needed to trigger equitable tolling.

And finally, to the extent petitioner's untimely filing was the result of a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at \*5-6 (D. Del. May 14, 2004).

Accordingly, the court will dismiss the petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

8

The court has concluded that Taylor's petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV.     CONCLUSION

For the reasons discussed, the court will deny Taylor's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (D.I. 3)

An appropriate order will be entered.

9