IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTONIO L. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 11-988-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

I. **INTRODUCTION**

In March, 2013, the court denied petitioner Antonio L. Taylor's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 after determining that his petition was time-barred. (D.I. 17; D.I. 18) Presently pending before the court is Tayor's motion to alter or amend judgment filed pursuant to Federal Rule of Civil Procedure 59(e). (D.I. 19)

II. **STANDARD OF REVIEW**

Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reargument and/or reconsideration is not

appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## III. DISCUSSION

Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court denied Taylor's petition on March 28, 2013, (D.I. 17; D.I. 18), and the instant motion is dated April 7, 2013. (D.I. 19) Applying the prisoner mailbox rule to the date on Taylor's motion, the court concludes that the instant motion is timely.

Nevertheless, Taylor's motion fails to warrant relief. Taylor contends that the court erroneously construed the Delaware caselaw he cited to support his claim of actual innocence. The court, however, considered Taylor's argument regarding the aforementioned Delaware precedent when it considered Taylor's petition, concluded that the cases did not establish a viable claim of actual innocence, and held that Taylor's meritless claim of actual innocence did not justify equitably tolling the limitations period. In short, Taylor's instant argument does not warrant reconsideration of the court's decision, because it merely asserts Taylor's disagreement with the court's conclusion, and attempt to reargue issues already decided. Accordingly, the court will deny Taylors's Rule 59(e) motion.

## IV. CONCLUSION

For the foregoing reasons, the court will deny Taylor's Rule 59(e) motion. In addition, the court will not issue a certificate of appealability, because Taylor has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United*

*States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

Dec 26, 2013
DATE

CHIEF, UNITED STATES DISTRICT JUDGE